Mrs. T. W. Shaw *v.* Firestone Tire & Rubber
Company, *et al.*

(*Nashville,* December Term, 1955.)

Opinion filed March 9, 1956.

Carroll C. Johnson and Waring, Walker, Cox &
Lewis, all of Memphis, for appellants.

Harry P. Rubert and Jess D. Ewing, both of Memphis,
for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The trial judge found that Mrs. T. W. Shaw was permanently and partially disabled, and found from the medical proof that her disability ranged from 15% to 25%.

There is no dispute as to what her wages were and the proof shows that the injury arose out of circumstances occurring just before she left her employment on the night of January 19, 1953, and it appears that Mrs. Shaw, in attempting to catch or receive a roll of paper, was leaning over and her back was injured.

It seems that the doctor diagnosed her injury as a ruptured disc and operated. The surgeons found that she had a herniated disc rupture at the fifth lumbar vertebra, and while operating they discovered a degenerated vertebra at the fourth lumbar vertebra. The proof shows that her injury was very painful.

We find that the weight of the proof shows that Mrs. Shaw is permanently and partially disabled.

We find from the proof that petitioner was earning $74.81 per week, and that she is now able to earn in her partially disabled condition the sum of $28.90 per week, and under the statute as it was at the time, Code Section 6878(c), she is entitled to 60% of the difference between $74.81 and $28.90, which sum is excess of $25 per week, this last sum being the maximum provided by the statute.

We further find, as did the trial judge, the petitioner is entitled to $25 per week for 300 weeks as provided by the statute, but allowance is made for 62 weeks temporary disability paid to the petitioner, and the sum of $40.40 which she earned during the one week that petitioner worked, making a total deduction of 63 weeks, leaving

237 weeks, for which the petitioner shall be paid the sum of $25 per week.

■ A compensable back injury resulting in permanent partial disability, is controlled by the last paragraph of Section 6878(c), Williams Tennessee Code, the measure of compensation is 60% of the difference between the wage of the workmen at the time of the injury and the wage he or she is able to earn in his or her partially disabled condition subject to a maximum of $25 per week. *Sun Coal Co.* v. *Epperson,* 178 Tenn. 114, 156 S. W. (2d) 400; *Standard Surety & Casualty Co. of New York* v. *Sloan,* 180 Tenn. 220, 173 S. W. (2d) 436, 149 A. L. R. 407.

The trial judge correctly applied this Section and we find no error in his decree.

Affirmed.